## STATE v. THOMAS FRANK WILEBSKI.

238 N. W. 2d 213.

January 16, 1976—No. 45418.

C. Paul Jones, State Public Defender, for appellant.

Warren Spannaus, Attorney General, Gary W. Flakne, County Attorney, and Vernon E. Bergstrom, David W. Larson, and Michael McGlennen, Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of aggravated robbery, Minn. St. 609.245, and sentenced by the trial court to a maximum indeterminate term of 20 years' imprisonment. On this appeal from judgment of conviction, defendant contends that evidence that the gun used by the robber had been stolen deprived him of a fair trial. We affirm the judgment.

On August 3, 1973, a lone masked gunman robbed a bar in Osseo of approximately $3,000 in cash. Eyewitnesses observed the license number of the robber's getaway vehicle, and police soon found the vehicle in a parking lot of a New Hope apartment building.

After maintaining a surveillance of the building for a short time, police arrested Richard Schmidt, who was the registered owner of the vehicle and who was residing in the building with his girl friend. Schmidt denied participation in the offense, but stated that defendant had used his automobile and had returned to the apartment after the robbery. He also stated that when the

police first appeared, defendant had noticed them and had fled with most of the money, leaving his coat, the weapon used in the robbery, and $345 in cash. Schmidt stated that after defendant left, he had himself slipped by the police unnoticed and left these items at the nearby apartment of a friend of his girl friend.

After receiving information from the friend of Schmidt's girl friend, police went to the nearby apartment, and with this person's consent, seized the items defendant had left behind. Police also seized Schmidt's car as well as defendant's own car, which was parked there.

At defendant's trial, one of the eyewitnesses to the robbery positively identified defendant, and another eyewitness stated that defendant's profile was similar to that of the masked robber. Both of these witnesses identified the gun police had seized as being similar in size and appearance to the robbery weapon.

The evidence of which defendant complains was testimony of the owner of an Inver Grove Heights store that the robbery weapon had been stolen from his store less than 2 months before the robbery.

We have no doubt as to the relevance of the evidence that the robbery weapon was from an Inver Grove Heights store. The theory of the defense was that Schmidt, not defendant, had committed the robbery. Since Inver Grove Heights is very close to South St. Paul, where defendant resided, and a considerable distance from New Hope, where Schmidt resided, this evidence tended to support the state's other evidence that defendant and not Schmidt possessed the gun and committed the robbery.

Although this court has held that evidence tending to establish an essential element of the crime charged is not inadmissible simply because it may inferentially indicate involvement in another crime—see, State v. Martin, 297 Minn. 470, 212 N. W. 2d 847 (1973)—we believe that the state probably could have made its point without eliciting the further fact that the gun had been stolen from the store.

48

Notwithstanding this, there are a number of reasons we do not believe that defendant is entitled to a new trial:

First, the state's evidence that the gun had been stolen was merely cumulative, since defense counsel had already elicited evidence to this effect in cross-examining an earlier state's witness.

Second, defense counsel did not seek cautionary instructions.

Third, we do not believe it likely that the evidence played a substantial role in influencing the jury to convict and therefore the error, if any, was harmless.

Affirmed.