For the foregoing reasons we affirm the district court's judgment.

UNITED STATES of America, Appellee,

v.

James L. HOLMES, Appellant.

No. 85–1439.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1985.

Decided June 20, 1986.

Jesse L. Kearney, Pine Bluff, Ark., for appellant.

Fletcher Jackson, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and GUNN,* District Judge.

GUNN, District Judge.

Defendant-appellant James L. Holmes appeals from a final judgment entered in the District Court[1] for the Eastern District of Arkansas upon a jury verdict finding him guilty of one count of wilfully making false and fraudulent statements to a government agency, in violation of 18 U.S.C. § 1001, and of five counts of knowingly disposing of property mortgaged to a government agency, in violation of 18 U.S.C. § 658. Appellant was sentenced to imprisonment for a year and a day both on the count under § 1001 and on one count under § 658, the sentences to run concurrently, and to four years probation following incarceration on the four remaining counts under § 658. For reversal appellant argues that: 1) the government engaged in selective prosecution against him; 2) the district court erred in admitting government evidence not disclosed to him prior to trial; 3) the district court erred in permitting witness testimony on matters as to which the witnesses had no personal knowledge; 4) the district court erred in denying his motion for a mistrial based on a bias against him; 5) the district court erred in admitting evidence of a prior state court conviction entered on a guilty plea; and 6) there was insufficent evidence to support a conviction as a matter of law.

For the reasons discussed below, we affirm.

The government presented evidence of the following at trial:

---

\* The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

From 1979 through 1984 appellant borrowed money from the Farmers Home Administration (FmHA). For each loan transaction appellant executed a promissory note and a security agreement pledging crops and farm equipment as collateral for the loan. The security agreements covered all crops raised by appellant on property specified within the agreements as having been leased by him for farming. At no time in the years in question had appellant farmed any land not specified in and covered by a security agreement.

In February 1982 appellant submitted to the FmHA a bill of sale purporting to memorialize the transfer of ownership in a tractor from Izad Broadus to him in consideration of payment of $11,500.00. The bill of sale was a forgery. The tractor was in fact stolen property, and appellant knew it was stolen property when he submitted the forged bill of sale to the FmHA. Broadus had never owned a tractor and never received money from appellant. Immediately prior to the time appellant submitted to the FmHA the bill of sale carrying Broadus's social security number and purported signature, Broadus had lost his wallet in a nightclub called the Place Disco, which was owned by appellant.

The granaries to which appellant sold crops kept a register indicating that the FmHA held a collateral interest in the crops of James Holmes; hence, any sale by appellant in his own name could only have been effected by a check made out to the FmHA as co-payee. To circumvent this problem, on multiple occasions during the period of time in which he was harvesting crops mortgaged to the FmHA, appellant sold his crops in the names of San Jose Holmes and Norman McCray. San Jose Holmes is appellant's sister and teaches school in Arkansas. Norman McCray is appellant's brother-in-law and works as a telephone repairman. Neither San Jose Holmes nor Norman McCray is engaged in farming on a regular basis, although Nor-

man McCray on occasion would assist appellant with his crops. On at least one occasion, in the case of a sale of wheat to Riceland Foods, Inc., appellant represented himself to be San Jose Holmes. On other occasions he would simply indicate that he was transacting business on behalf of either San Jose Holmes or Norman McCray. Appellant would then take the checks he received in exchange for the crops to San Jose Holmes or Norman McCray for their signatures. In some instances the latter two would endorse the checks over to appellant. On other occasions, appellant forged their signatures. In all cases he received the full cash proceeds from the grain sales and the FmHA received neither payment on its loans nor notification of disposition of the collateral.

## I. SELECTIVE PROSECUTION

Appellant argued before the district court and now argues on appeal that the government impermissibly singled him out for investigation and prosecution on account of his race.[2]

The burden of proof on a selective prosecution claim falls heavily on the defendant. *United States v. Eklund*, 733 F.2d 1287, 1290 (8th Cir.1984), *cert. denied*, — U.S. ——, 105 S.Ct. 1864, 85 L.Ed.2d 158 (1985). To make out a prima facie case a defendant must show both that the government singled him out for prosecution while others similarly situated were not prosecuted for similar conduct and that the government's action in thus singling him out was based on an impermissible motive such as race, religion or the exercise by defendant of constitutional rights. *See United States v. Catlett*, 584 F.2d 864 (8th Cir.1978); *United States v. Berrios*, 501 F.2d 1207 (2d Cir.1974); *Wayte v. United States*, 470 U.S. 598, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).

He offered no evidentiary support for these allegations, however, and the district court concluded that he had failed to make out a prima facie case on this basis.

---

2. Appellant also argued at trial that the government's decision to prosecute was based in part on his outspoken criticism of FmHA policies and thus violated his first amendment rights.

■ In this case the district court concluded that appellant had failed to make out a prima facie case of selective prosecution. He submitted to the court the names of thirty white farmers alleged to have unlawfully disposed of property mortgaged to the FmHA who were not subjected to prosecution therefor. After reviewing prosecution records with respect to the individuals appellant identified, the court concluded that the government adequately refuted his allegations.[3] On review of the record, we hold that the district court's conclusion that the appellant had failed to make out a case of selective prosecution by the government was not erroneous. Having found that defendant had failed to make out a prima facie case, the trial court did not err in denying his motion to dismiss without a hearing. *United States v. Larson*, 612 F.2d 1301, 1304–05 (8th Cir.1980) (hearing necessary only when motion alleges sufficient facts to take the question past the frivolous state and raises a reasonable doubt as to the prosecutor's purpose), *citing United States v. Catlett*, 584 F.2d at 866, *cert. denied*, 446 U.S. 936, 100 S.Ct. 2154, 64 L.Ed.2d 789 (1980).

## II. ADMISSION OF GOVERNMENT EVIDENCE

■ Appellant contends that the government failed to respond to discovery requests seeking disclosure of government evidence against him, and that the district court erred in allowing the government to introduce previously undisclosed evidence at trial. The government contended that it mailed the disputed materials to appellant's counsel in advance of trial, although his counsel claimed not to have received them. The government further made the materials available to defense counsel for inspection on the day before trial and again on the morning of trial. The district court ruled that this opportunity to inspect the documents prior to their introduction at trial obviated any prejudice appellant might otherwise have suffered from the introduction of undisclosed evidence.

Decisions on matters of discovery are left to the sound discretion of the trial court, as are matters on the admissibility of evidence at trial. In either case, reversal is mandated only upon a determination that the trial court abused its discretion. *Williams v. Mensey*, 785 F.2d 631 (8th Cir. 1986) *citing O'Neal v. Riceland Foods*, 684 F.2d 577, 581 (8th Cir.1982) (discovery); *United States v. Reed*, 724 F.2d 677, 679 (8th Cir.1984) (admissibility of evidence). In this case the district court found that access to the materials prior to the commencement of trial eliminated any chance of prejudice. The district court did not abuse its discretion in reaching this determination.

## III. TESTIMONY OF GOVERNMENT WITNESSES

■ Appellant next argues that the district court erred in permitting two witnesses to testify on matters to which they did not have personal knowledge. Appellant argues first that the Court should not have allowed the testimony of Sam Namoku, who testified that appellant hired him to haul soybeans from a farm to Riceland Foods, Inc., that appellant instructed him where to pick the beans up and where to deliver them, and that appellant paid him for his hauling services. Appellant argues that because Mr. Namoku was without personal knowledge regarding ownership of the property from which the soybeans came he was unqualified to offer testimony which would allow the jury to infer that

**3.** The District Court reviewed extensive prosecution records *in camera* to determine why the decision to prosecute had been made in individual cases. This review indicated that many of the white farmers alleged by appellant to be situated similarly to him had made voluntary restitution to the government for converted funds. Others had been subjected to civil actions to recover converted funds. Others had been cleared of charges of conversion. (R. 86–87) Further, of the five prosecutions undertaken pursuant to § 658 from 1980 through 1984, three had been instituted against white farmers and two against blacks. The population of the Helena Division of the Eastern District of Arkansas is 38% black. Hence, the statistical evidence of prosecution of blacks was not discriminatory on its face.

appellant owned the property. Mr. Namoku had personal knowledge of the matters about which he testified, and there was no abuse of discretion in permitting the testimony. *Reed*, 724 F.2d at 679; *United States v. Stout*, 599 F.2d 866, 869 (8th Cir.1979), *cert. denied*, 444 U.S. 877, 100 S.Ct. 163, 62 L.Ed.2d 106 (1979).

■ Similarly, appellant argues that the district court should not have permitted Earnett Rose, an Assistant County Supervisor for the FmHA, to testify to the procedures routinely followed when the FmHA appears as a co-payee on a check issued by a grain dryer. While Mr. Rose's testimony illuminated a transaction between another FmHA County Supervisor and appellant to which Mr. Rose was not a party, he testified solely to matters within his personal knowledge, and it did not constitute an abuse of discretion to admit his testimony. *Id.*

## IV. IMPARTIALITY OF THE TRIAL COURT

■ At various points in the trial, the trial judge asked questions of witnesses. The questions were interjected in some cases for purposes of clarification and in others to determine whether the Court should sustain defense objections.

Rule 614(b) of the Federal Rules of Evidence expressly provides for court interrogation of witnesses at trial. In exercising its discretion under the Rule, the Court must avoid the appearance of advocacy for one party, *United States v. Jackson*, 696 F.2d 578, 593 (8th Cir.1982), *cert. denied*, 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983), and limit its intervention to the extent necessary to ensure effective presentation of evidence. *Id.* The questioning by the trial court in this case did not prejudice the appellant and remained within the accepted bounds.

■ Appellant also argues that the trial court in a sidebar conference displayed a bias in favor of the prosecution. In the course of the particular conference the district judge sought to elicit from the government an indication of what evidence it would be presenting in the remainder of its case to satisfy its burden of proving that the crops at issue had come from land subject to an FmHA security agreement. Appellant suggests that the Court thereby impermissibly counselled the government on how much proof was needed to prevail in its prosecution.

The sidebar conference arose because defense counsel challenged the submissibility of the government's case. The questions posed by the trial judge were impartial and directed toward addressing the challenges raised by appellant. The conference took place outside the hearing of the jury. The court's questioning did not rise to a level of prejudice justifying reversal of conviction. *Compare Jackson*, 696 F.2d at 593 *with United States v. Bland*, 697 F.2d 262, 265 (8th Cir.1983); *see also United States v. Singer*, 710 F.2d 431 (8th Cir.1983).

## V. ADMISSIBILITY OF GUILTY PLEA

■ The trial court admitted evidence of appellant's prior plea of guilty on a state court charge of theft by receipt of stolen property. The plea recited "that on July 13, 1982, [appellant] did unlawfully and knowingly receive stolen property, a model 1586 International Harvester tractor, serial number 2650133U009736." The tractor identified in the charge was the same tractor listed on the forged bill of sale submitted to the FmHA in proof of substitution of collateral. The guilty plea therefore went to prove that appellant knew the statement he made to the FmHA concerning the manner of his acquisition of the tractor was false. Such knowledge of falsity constitutes an element of the offense charged under § 1001.

A guilty plea is admissible in a subsequent collateral criminal trial as evidence of an admission by a party opponent under Rule 801(d)(1), Fed.R.Evid. *United States v. Riley*, 684 F.2d 542, 545 (8th Cir.1982), *cert. denied*, 459 U.S. 1111, 103 S.Ct. 742, 74 L.Ed.2d 962 (1983). The district court did not err in permitting the prosecution to

**350**

introduce appellant's state court plea into evidence.

## VI. SUFFICIENCY OF THE EVIDENCE

 We have carefully reviewed the trial transcript and the exhibits introduced at trial and conclude that the evidence adduced was sufficient to support the jury's verdict of guilty. *See United States v. Wells*, 721 F.2d 1160, 1161 (8th Cir.1983).

Accordingly, the judgment of the district court is affirmed.