The PEOPLE of the State of South Dakota In the Interest of W.Y.B., A Child and concerning B.Y.B. and L.Y.B.

No. 18324.

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 1994.

Decided April 27, 1994.

Eric Antoine, Dakota Plains Legal Services, Mission, for appellants, W.Y.B., Child, and B.Y.B., Father, and L.Y.B., Mother.

Mark Barnett, Atty. Gen., Frank Geaghan, Asst. Atty. Gen., Pierre, for appellee, State.

WUEST, Justice.

W.Y.B. appeals from the circuit court's finding that he is a delinquent child as that term is defined by SDCL 26–8C–2. We affirm.

## FACTS

The facts surrounding this appeal stem from several incidents that took place in the fall of 1992 at Bennett County High School. W.Y.B. was a sixteen-year-old male student at the high school. The victim, T.T., was a fourteen-year-old female student at the school. In September or October of 1992, T.T. was a student in a woodworking or "general technology" class with W.Y.B. (as well as G.H.A., another male student). T.T. alleged that W.Y.B. and G.H.A. took turns poking her in the buttocks with a "stick"—a two by four foot piece of wood with a pointed end. T.T. alleged that W.Y.B. and G.H.A.

grabbed her and bent her over a desk and held her down, so that she could not see who was actually doing it; that they were attempting to "shove the stick up my butt," (although T.T. was clothed at the time) and that this took place for "about a minute or two." Although the teacher was absent from the room, other students were present. T.T. indicated that incidents like this—being poked in the buttocks with a stick—occurred for approximately a two-week period, and then stopped. The testimony was somewhat confusing, as T.T. alternately testified that she could not see who was poking her, but that sometimes she could see; and that no boys except for W.Y.B. and G.H.A. ever poked her with a stick. There was conflicting testimony by several witnesses that other boys in the same class also poked her with a stick, and that T.T. "just laughed it off" and "acted like she didn't care if they were doing that or not."

In regard to another incident, occurring around November 19, 1992, T.T. testified that she was writing on a chalkboard when W.Y.B. came up behind her and placed his hands on her breasts, and squeezed her breasts; and that this continued for fifteen or twenty seconds. T.T. testified that she did not give W.Y.B. permission to do this and told him to stop; and further testified that she turned around, and then walked away.

The State brought a petition alleging that W.Y.B. committed the offense of sexual contact with a child under age sixteen[1] on two occasions; and the offense of second degree rape contrary to SDCL 22–22–1(2). Prior to the hearing, the court indicated that it would not hear any evidence on the rape charge. The court found that the State's petition was sustained as to the two charges of sexual

contact, and concluded that W.Y.B. was a delinquent child, and entered a dispositional order. It is from this order that W.Y.B. appeals.

1. *Did the State engage in selective prosecution in violation of W.Y.B.'s right to equal protection under the laws?*

■ The first issue raised by W.Y.B. is that his right to equal protection under the law has been violated due to selective prosecution by the State.[2] Specifically, W.Y.B.—who is a Native American—points to evidence that other non-Native males also poked T.T. in the buttocks with a stick, but they were not prosecuted. This court has previously discussed the nature of the basis for the charge of selective prosecution. We stated:

> The Fourteenth Amendment Equal Protection clause prohibits selective enforcement "based upon an unjustifiable standard such as race, religion, or other arbitrary classification." [Citations omitted.] To avoid prosecution for a criminal offense upon equal protection grounds, a defendant must show that the government exercised selective enforcement of the law upon an invidious discriminatory basis.... To demonstrate a violation of the Equal Protection Clause, a defendant must prove selective enforcement based upon an arbitrary classification such as race, sex or religion.

*State v. Secrest,* 331 N.W.2d 580, 583 (S.D. 1983), *appeal dismissed, Secrest v. South Dakota,* 464 U.S. 802, 104 S.Ct. 47, 78 L.Ed.2d 68 (1983) (dismissed for want of a substantial federal question) (citations omitted).

■ The Eighth Circuit has clearly set forth the two elements required to establish

---

1. SDCL 22–22–7 provides in pertinent part:

Any person, sixteen years of age or older, who knowingly engages in sexual contact with another person, other than his spouse if such other person is under the age of sixteen is guilty of a Class 3 felony. If the actor is less than three years older than the other person, he is guilty of a Class 1 misdemeanor.
*Id.*
SDCL 22–22–7.1 provides in pertinent part:

As used in this chapter, the term, "sexual contact," means any touching, not amounting to rape, of the breasts of a female or the genitalia or

anus of any person with the intent to arouse or gratify the sexual desire of either party.
*Id.*

2. The State argues that this issue was not properly preserved for appeal. We feel that it is appropriate for us to address this issue, since the evidence on which W.Y.B. bases his allegations of selective prosecution came out at the adjudicatory hearing. Counsel for both W.Y.B. and G.H.A. (the other juvenile charged in this matter) did raise the issue before the court at that time. Thus, we address the issue on the merits.

a prima facie case of selective prosecution. *See United States v. Matter,* 818 F.2d 653, 654–55 (8th Cir.1987); *United States v. Hintzman,* 806 F.2d 840, 842 (8th Cir.1986); *United States v. Holmes,* 794 F.2d 345, 347–48 (8th Cir.1986). These elements are (1) that the defendant has been singled out for prosecution while others similarly situated have not been prosecuted for similar conduct; and (2) that the government's action in singling out the defendant was based on an impermissible motive such as race, religion, or the exercise by the defendant of constitutional rights. *Matter,* 818 F.2d at 654–55; *Hintzman,* 806 F.2d at 842; *Holmes,* 794 F.2d at 347–48. "The defendant's burden is a heavy one, and because we afford broad discretion to prosecuting authorities, we require 'a showing of intentional and purposeful discrimination.' Absent this prima facie showing, the prosecution will be presumed to have been undertaken in good faith." *Hintzman,* 806 F.2d at 842 (citing *United States v. Eklund,* 733 F.2d 1287, 1290 (8th Cir.1984) (quoting *United States v. Catlett,* 584 F.2d 864, 866 (8th Cir.1978), *cert. denied,* 471 U.S. 1003, 105 S.Ct. 1864, 85 L.Ed.2d 158 (1985))); *United States v. Ojala,* 544 F.2d 940, 943 (8th Cir.1976).

W.Y.B. has simply failed to make the prima facie showing of intentional and purposeful discrimination. Although W.Y.B.'s brief asserts that "no distinction exists" between those charged and those not charged is their race, the record reveals otherwise. No testimony was offered that anyone other than W.Y.B. (and G.H.A., who was also charged) were involved in restraining T.T. on a desk while poking her in the buttocks with a stick. Also, there was no testimony that anyone other than W.Y.B. ever grabbed T.T.'s breasts. While the conduct of the other male students was not laudatory, they were not similarly situated to W.Y.B. It is not improper for the State to choose to prosecute those whose violations appear to be most flagrant. *See Nebraska v. Katzman,* 228 Neb. 851, 424 N.W.2d 852, 856–57 (1988). We find no error on this issue.

*2. Did the State introduce evidence sufficient to sustain the sexual contact charges?*

The other issue raised by W.Y.B. is that the State failed to show that W.Y.B.'s conduct was undertaken "with the intent to arouse or gratify the sexual desire of either party" as required by the statute. SDCL 22–22–7.1. We find this contention without merit.

First, we note that circumstantial evidence may often be the only way to prove intent. *North Dakota v. Lovejoy,* 464 N.W.2d 386, 389 (N.D.1990) (citing *North Dakota v. Huwe,* 413 N.W.2d 350, 355 (N.D. 1987)). *See Nebraska v. Morrow,* 237 Neb. 653, 467 N.W.2d 63, 71 (1991) ("[I]ndependent evidence of specific intent is not required. The intent with which an act is committed is a mental process and may be inferred from the words and acts of the defendant and from the circumstances surrounding the incident.") (quoting *Nebraska v. Costanzo,* 227 Neb. 616, 419 N.W.2d 156, 162 (1988)); *Minnesota v. Obasi,* 427 N.W.2d 736, 738 (Minn.App.1988) ("Intent is a subjective state of mind and is established by reasonable inferences drawn from surrounding circumstances.") (citation omitted); *Bustamante v. Indiana,* 557 N.E.2d 1313, 1317–18 (Ind.1990) (stating that elements of offenses may be established entirely by circumstantial evidence and logical inferences drawn therefrom); *Phillips v. Texas,* 597 S.W.2d 929, 936 (Tex.Crim.App.1980) ("One's acts are generally reliable circumstantial evidence of his intent.") (citation omitted). Because the nature of intent is such that it is "rarely susceptible to direct proof, the factfinder may determine intent by such reasonable inferences and deductions as may be drawn from facts proved by evidence in accordance with common experience and observation." *Iowa v. Hilpipre,* 395 N.W.2d 899, 903 (Iowa App.1986) (citing *Iowa v. Serr,* 322 N.W.2d 96, 101 (Iowa App.1982)). On review, this court need only determine whether such inferences regarding intent support the judgment of the court beyond a reasonable doubt. *Bustamante,* 557 N.E.2d at 1318; *Lovejoy,* 464 N.W.2d at 389.

In matters of juvenile delinquency, we have previously stated that our standard of review is "whether the State proved each element of the offense beyond a reasonable

doubt." *In re A.W.*, 438 N.W.2d 557, 559 (S.D.1989) (citing *In re T.J.E.*, 426 N.W.2d 23, 23 (S.D.1988); *In re S.F.H.R.*, 292 N.W.2d 802, 803 (S.D.1980)). On review, we accept the evidence and the most favorable inferences which can be fairly drawn therefrom in support of the judgment. *Id. See In re T.K.*, 462 N.W.2d 893, 895 (S.D.1990) (holding that we will apply the clearly erroneous standard in cases dealing with children in need of supervision).

Reviewing the facts of this case, we are not left with a definite and firm conviction that a mistake was made. That W.Y.B. had the necessary intent to support the adjudication that he engaged in sexual contact could be reasonably inferred from his conduct, as well as the surrounding circumstances. The testimony was that on more than one occasion W.Y.B. engaged in poking T.T. in the buttocks with a stick, in addition to the incident where he grabbed her breasts. Although W.Y.B. urges that he only did these acts to embarrass T.T., the court could also reasonably infer that W.Y.B. engaged in these acts for the purposes of sexual gratification or arousal.

The judgment of the circuit court is affirmed.

MILLER, C.J., and SABERS, J., concur.

HENDERSON, J., concurs with a writing.

AMUNDSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring).

Additional facts: Victim had recently moved to the Martin, South Dakota area and began attending the school in the fall of 1992. Victim did not know W.Y.B., the appellant. Within one week of victim starting in this school, W.Y.B. began initiating contact upon her body. He would force her head down on a school desk so she could not move. She testified that she was held down so tight that it was difficult to breathe. She screamed at W.Y.B. and another student, G.H.A., to stop these acts upon her body. She was forced to struggle to free herself. W.Y.B. made the comment that he "wanted to try to make babies." So—this poking and grabbing had

a sexual overtone, as demonstrated by his actions and words. The Martin Police Department received a complaint concerning W.Y.B.'s conduct. Ultimately, a petition was filed charging W.Y.B. as a delinquent child.

This type of conduct cannot go on in any school and be condoned, whether in Los Angeles, Chicago, the Bronx, or in a little school out in western South Dakota. Such conduct is outrageous, not only to this young girl, but to the tranquility, orderly instruction, and discipline in the classroom and school itself.

W.Y.B.'s basic contention is that he was denied equal protection of the laws under the Fourteenth Amendment to the United States Constitution. Under these facts, I highly disagree.

W.Y.B., as he contends, is entitled to equal protection *of the Law* but that does not mean that he is entitled to equal protection *from the Law. See United States v. Manno,* 118 F.Supp. 511, 515 (N.D.Ill.1954). When a selective prosecution claim is asserted, it must be raised prior to trial. As an example, read *United States v. Jarrett,* 705 F.2d 198, 204 (7th Cir.1983), *cert. denied,* 465 U.S. 1004, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984). I write this for benefit of those lawyers, moons hence, who would rely upon the selective prosecution claim as a defense. In this regard, I specifically call to the Bar's attention SDCL 23A–8–3, which provides in pertinent part:

Any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. *The following must be raised prior to trial:*

(1) Defenses and objections based on defects in the institution of the prosecution[.] (Emphasis supplied mine.)

AMUNDSON, Justice (concurring in part and dissenting in part).

The trial court issued and filed the following short and concise findings of fact after the adjudicatory hearing:

3. That W.Y.B. committed two acts of sexual contact in Bennett County, the first between September and October, 1992, inclusive, and the second act on or

about November 19, 1992 against T.T. as alleged in the Petition filed with this Court.

4. That the allegations contained in paragraphs 4A and 4C of the Petition filed with this Court have been sustained beyond a reasonable doubt.

It is difficult to discern from these findings what part of the contested testimony the trial court found to be credible. Filing a petition alleging certain facts is obviously not sufficient to sustain a "beyond a reasonable doubt" burden of proof. *Matter of T.J.E.*, 426 N.W.2d 23 (S.D.1988).

Trial courts are required to make adequate findings so that a meaningful review can be made by an appellate court. *Heikkila v. Carver*, 416 N.W.2d 591 (S.D.1987). In *State v. Flegel*, 485 N.W.2d 210, 215 (S.D.1992), this court stated:

> Here, the absence of specific, written findings and conclusions on the consent issue prohibits meaningful appellate review of the question, particularly given the disputed testimony in this case ... Accordingly, this deficiency in the findings ... requires us to remand this matter for a determination of the factual questions[.]

W.Y.B. was charged with violating SDCL 22–22–7 and aiding and abetting G.H.A. in committing the offense of sexual contact with a child under sixteen, contrary to SDCL 22–22–7. In the offense of sexual contact with a child under sixteen, the State must prove:

1. That at the time and place alleged in the [petition] the defendant knowingly engaged in sexual contact with [victim]; and

2. That at the time of the sexual contact [victim] was not defendant's spouse; and

3. That at the time of the sexual contact the defendant was sixteen years of age or older; and

4. That at the time of the sexual contact [victim] was under the age of sixteen years; and

5. That the defendant is at least three years older than [victim].

South Dakota Criminal Pattern Jury Instruction # 3–3–10. This charge also requires proof that the contact occurred with an "intent to arouse or gratify the sexual desire of either party." SDCL 22–22–7.1

Further, South Dakota Criminal Pattern Jury Instruction # 1–13–1 provides as follows:

> All persons who directly commit the act(s) constituting the crime or who aid and abet in its commission, ... are considered as principals[.]
>
> A person aids and abets the commission of a crime if he with the intent to promote or facilitate the commission of a crime, aids, abets or advises another person in planning or committing the crime.

The above findings are deficient because they do not specifically address the elements of the charge or the intent issue. It is impossible, on the status of this record, to make any meaningful review of this serious charge. Therefore, I would reverse and remand on issue 2 so that adequate findings can be entered.

I concur on issue 1.