1999 SD 48

**EDGEMONT SCHOOL DISTRICT 23–1, Appellant,**

v.

**SOUTH DAKOTA DEPARTMENT OF REVENUE, Burlington Northern Railroad Co., and Counties of Beadle, Brown, Clark, Codington, Corson, Custer, Day, Edmunds, Grant, Hamlin, Kingsbury, Lake, Marshall, Minnehaha, Perkins, Roberts, Walworth, Political Subdivisions, For Themselves and on Behalf of All Municipalities, School Districts, Townships and All Other Public Taxing Districts and Governmental Subdivisions Located Therein, Appellees.**

**Fall River County, Appellant,**

v.

**South Dakota Department of Revenue, Burlington Northern Railroad Company, and the Counties of Beadle, Brown, Clark, Codington, Corson, Custer, Day, Edmunds, Grant, Hamlin, Kingsbury, Lake, Marshall, Minnehaha, Perkins, Roberts, Walworth, Political Subdivisions, For Themselves and on Behalf of All Municipalities, School Districts, Townships and All Other Public Taxing Districts and Governmental Subdivisions Located Therein, Appellees.**

No. 20572.

Supreme Court of South Dakota.

Considered on Briefs Feb. 24, 1999.

Decided April 14, 1999.

Richard A. Pluimer, P.C., Belle Fourche, SD, for appellant, Edgemont School District 23–1.

Patrick M. Ginsbach, Fall River County State's Attorney, Hot Springs, SD, for appellant, Fall River County.

Mark Barnett, Attorney General and David D. Wiest, Assistant Attorney General, Pierre, SD, for appellee, South Dakota Department of Revenue.

Mark F. Marshall of Johnson, Heidepriem, Miner, Marlow and Janklow, Sioux Falls, SD, and Richard A. Malm of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, IA, for appellee, Burlington Northern Railroad Company.

SABERS, J.

[¶ 1.] Edgemont School District (District) and Fall River County (County) appeal a partial summary judgment that SDCL 10–28–16 mandates distribution of a railroad's statewide value to counties on a pro rata per mile of track basis. We affirm.

### FACTS

[¶ 2.] Burlington Northern Railroad (BNRR) is an interstate railroad which owns operating property in several counties in South Dakota. Its operating property within South Dakota is subject to tax assessment by the South Dakota Department of Revenue (Department). SDCL 10–28–1. The tax assessment process involves valuing the railroad operating property as a total unit, allocating a proportionate value to the state, and then distributing the taxable value among the various local taxing jurisdictions. SDCL 10–28–9, –12, and –16.

[¶ 3.] The assessment and distribution of the value of BNRR's operating property for property tax purposes has a history of controversy. These same parties were before the court in *Fall River County v. S.D. Dept. of Rev.*, 1996 SD 106, 552 N.W.2d 620. In Fall River County, the Department distributed BNRR's statewide taxable value among

the counties using a formula which consisted of two factors: 1) miles of line in each county weighted twenty-five percent and 2) the density of rail traffic in each county weighted seventy-five percent. 1996 SD 106 at ¶ 34, 552 N.W.2d at 628. The circuit court concluded that SDCL 10–28–16 required the statewide value to be distributed on a strict pro rata per mile basis. On appeal, we found that the distribution issue was not appealed to the circuit court by any of the parties. Therefore, we reversed and remanded the circuit court's decision on distribution because it lacked jurisdiction. *Id.* at ¶ 44, 552 N.W.2d at 631. The issue of distribution now properly comes before the court.

[¶ 4.] This case involves an appeal by District and County to the circuit court contesting the 1995 tax assessment of BNRR by the Department, including the distribution of the statewide value to the counties and other governmental subdivision. In 1995 Department distributed BNRR's statewide value on a strict pro rata per mile of track basis. The circuit court granted Department and BNRR [1] a partial summary judgment finding that SDCL 10–28–16 mandates distribution of the railroad's statewide value to the counties based on a pro rata per mile of track basis. District and County appeal claiming that: 1) the circuit court erred in interpreting SDCL 10–28–16 or, alternatively; 2) SDCL 10–28–16 is unconstitutional in violation of Article XI, Section 2 of the South Dakota Constitution.

## STANDARD OF REVIEW

[¶ 5.] Our standard of review on a motion for summary judgment is well established:

In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present spe-

cific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*Walz v. Fireman's Fund Ins. Co.*, 1996 SD 135, ¶ 6, 556 N.W.2d 68, 70 (quoting *Lamp v. First Nat'l Bank of Garretson*, 496 N.W.2d 581, 583 (S.D.1993) (citation omitted)). There are no factual issues in this case. There is only the legal question of the statutory interpretation of SDCL 10–28–16 which we review de novo. *Dahn v. Trownsell*, 1998 SD 36, ¶ 14, 576 N.W.2d 535, 539 (citing *Moss v. Guttormson*, 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17) (citations omitted).

[¶ 6.] **1. WHETHER SDCL 10–28–16 MANDATES DISTRIBUTION OF A RAILROAD'S STATEWIDE TAX VALUE ON A PRO RATA PER MILE BASIS.**

[¶ 7.] District and County claim that distribution on a strict pro rata per mile basis "result[s] in a purely arbitrary calculation that every mile of rail line within the State of South Dakota has a value of approximately $66,000." They claim that SDCL 10–28–16 does not mandate a pro rata per mile distribution. We disagree.

[¶ 8.] The rules of statutory interpretation are well established:

The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of

---

1. The issue of distribution is significant to BNRR because it may claim greater tax credits under SDCL 10–28–21.1 if its taxable value is distributed to the counties on a pro rata per mile basis.

the statute as clearly expressed. Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. But, in construing statutes together it is presumed that the legislature did not intent an absurd or unreasonable result.

*Dahn*, 1998 SD 36 at ¶ 14, 576 N.W.2d at 539 (citing *Moss*, 1996 SD 76 at ¶ 10, 551 N.W.2d at 17) (citations omitted)).

[¶ 9.] SDCL 10–28–16 provides:[2]

The department of revenue shall on or before the fourth Monday in August, each year, transmit to the county auditor of each county through which any railroad runs, a statement showing the length of main track, of main line or lines and the branches thereof and sidetracks within such county, not located within the limits of any city or incorporated town, and *the assessed value per mile of such main line or lines and branches and sidetracks as fixed by a pro rata distribution per mile of the assessed valuation of such property,* except that part located within the limits of cities or incorporated towns, as aforesaid, and such statement shall be entered upon the proper records of the county.

[¶ 10.] "In arriving at the intention of the Legislature, it is presumed that the words of the statute have been used to convey their ordinary, popular meaning." *Mid–Century Ins. Co. v. Lyon*, 1997 SD 50, ¶ 9, 562 N.W.2d 888, 891 (quoting *National Farmers v. Universal*, 534 N.W.2d 63, 65 (S.D. 1995); *Weger v. Pennington County*, 534 N.W.2d 854, 856 (S.D. 1995); *Meyerink v. Northwestern Public Service Co.*, 391 N.W.2d 180, 183–84 (S.D.1986)). "This court assumes that statutes mean what they say and that legislators have said what they meant." *Mid–Century Ins. Co.*, 1997 SD 50 at ¶ 9, 562 N.W.2d at 891 (quoting *In re Famous Brands, Inc.*, 347 N.W.2d 882, 885

(S.D.1984)). "When the language of the statute is clear, certain, and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the statute as clearly expressed in the statute." *Id.* The language of SDCL 10–28–16 is clear and unambiguous. The language mandates "pro rata distribution per mile" of a railroad's statewide value. SDCL 10–28–16 does not grant the Department discretion to adopt a different method of distribution. The power to change the method of distribution is left to the legislature who exercised that power by amending the statute in 1996. Therefore, we affirm the Department's distribution of BNRR's 1995 tax assessment on a pro rata per mile basis.

[¶ 11.] **2. WHETHER SDCL 10–28–16 IS UNCONSTITUTIONAL IN VIOLATION OF ARTICLE XI, SECTION 2 OF THE SOUTH DAKOTA CONSTITUTION.**

[¶ 12.] District and County claim that if the trial court's interpretation of SDCL 10–28–16 is correct, then the statute is unconstitutional in violation of Article XI, Section 2 of the South Dakota Constitution. They claim that such an interpretation "would constitute a purely arbitrary and unreasonable division of statewide value of the railroad not supported by any fact or reason, and would give situs for purposes of taxation that would be discriminatory and lack uniformity." Department and BNRR claim that District and County lack standing to challenge the constitutionality of SDCL 10–28–16. We agree.

[¶ 13.] "Standing is established through being a 'real party in interest' and it is statutorily controlled." *Agar Sch. Dist. No. 58–1 v. McGee*, 527 N.W.2d 282, 284 (S.D. 1995) (quoting *Wang v. Wang*, 393 N.W.2d 771, 775 (S.D. 1986)). SDCL 15–6–

---

**2.** SDCL 10–28–16 was amended in 1996 and now provides:

The Department of Revenue shall on or before the fourth Monday in August, each year, transmit to the county auditor of each county through which any railroad runs, a statement showing the length of main track, of main line or lines and the branches thereof and side-

tracks within such county, and the assessed value based on a statewide formula that weights traffic (ton miles) seventy-five percent and miles of track in the county by twenty-five percent. The county auditor shall then distribute the value to each taxing district where the line runs on a per mile basis within the county.

17(a) provides, in part: "Every action shall be prosecuted in the name of the real party in interest."

[¶ 14.] "Political subdivisions of states—such as counties ... are not sovereign entities; they are subordinate governmental instrumentalities created by the state to assist in carrying out state governmental functions." *Bailey v. Jones*, 81 S.D. 617, 139 N.W.2d 385, 388 (1966) (citation and footnote omitted). "The power of the legislature in the control of counties and other political subdivisions is unrestrained by requirements of due process." *Chicago, Milwaukee, St. Paul & Pac. R.R. Co. v. Bd. of Comm'rs*, 248 N.W.2d 386, 390 (S.D. 1976) (citations omitted).

[¶ 15.] District and County are creations of the legislature and lack standing to challenge the constitutionality of SDCL 10–28–16. *See Exira Community Sch. Dst. v. State*, 512 N.W.2d 787, 790 (Iowa 1994) (stating: "The well-settled rule in Iowa is that school districts, as political subdivisions of the state, lack standing to mount a constitutional attack against a state statute."); *Polk County v. Iowa State Appeal Bd.*, 330 N.W.2d 267, 271 (Iowa 1983) (stating: "Our cases have held uniformly that a county lacks standing to challenge the constitutionality of state statutes."); *Bd. of Supervisors of Linn County v. Dept. of Rev.*, 263 N.W.2d 227, 234 (Iowa 1978) (stating: "A county and its ministerial officers ordinarily have no right, power, authority, or standing to question the constitutionality of a state statute.").

> [A school district] is a legislative creation .... It is not a "person," within the meaning of any bill of rights or constitutional limitation. It has no rights, no functions, no capacity, except such as are conferred upon it by the legislature.

*Exira Community Sch. Dist.*, 512 N.W.2d at 790 (alterations in original) (quoting *Boyd v. Johnson*, 212 Iowa 1201, 238 N.W. 61, 65 (1931)).

> Counties and other municipal corporations are, of course, the creatures of the Legislature; they exist by reason of statutes enacted within the power of the Legislature, and we see no sound basis upon which a

ministerial (or, for that matter, any other) office may question the laws of its being. The creature is not greater than its creator, and may not question that power which brought it into existence and set the bounds of its capacities.

*Bd. of Supervisors of Linn County*, 263 N.W.2d at 232 (quoting *C. Hewitt & Sons Co. v. Keller*, 223 Iowa 1372, 275 N.W. 94, 97 (1937)).

[¶ 16.] None of the exceptions to this general rule regarding standing apply because the taxpayers within the district and county are the real parties in interest and can satisfy the traditional standing requirements. *Agar Sch. Dist.*, 527 N.W.2d at 284. "The real party in interest requirement for standing is satisfied if the litigant can show 'that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the Defendant.'" *Id.* (citing *Parsons v. South Dakota Lottery Comm'n*, 504 N.W.2d 593, 595 (S.D.1993) (quoting *Gladstone, Realtors v. Bellwood*, 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66, 76 (1979))). "[A] taxpayer need not have a special interest in an action or proceedings nor suffer special injury to himself to entitle him to institute an action to protect public rights." *Agar Sch. Dist.*, 527 N.W.2d at 284 (alteration in original) (quoting *Wyatt v. Kundert*, 375 N.W.2d 186, 195 (S.D.1985) (citing *State* ex rel. *Jensen v. Kelly*, 65 S.D. 345, 347, 274 N.W. 319, 321 (1937))).

[¶ 17.] Therefore, we affirm the granting of partial summary judgment.

[¶ 18.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.