2002 SD 98

**Constance R. CURREY, Plaintiff and Appellee,**

v.

**Shawn M. CURREY, Defendant and Appellant,**

**Marvin Currey and Darlene Currey, Intervenors and Appellants.**

**No. 22184.**

Supreme Court of South Dakota.

Considered on Briefs May 28, 2002.

Decided Aug. 7, 2002.

Wilson Kleibacker of Lammers, Lammers & Kleibacker, L.L.P., Madison, for plaintiff and appellee.

Thomas J. Linngren of Green, Schulz, Roby, Oviatt, Cummings & Linngren, Wa-

tertown, for defendant and appellant and intervenors and appellants.

SABERS, Justice.

[¶ 1.] Marvin and Darlene Currey (Grandparents) sought a modification of visitation rights with their two grandchildren, the children of their son, Shawn Currey, and his ex-wife, Connie. Connie answered and countered to terminate the visitation rights of Grandparents. The trial court determined that (1) SDCL 25–4–52, which provides for grandparent visitation, was unconstitutional and (2) terminated Grandparents' visitation rights. Grandparents appeal. We reverse (1) and (2) and remand to determine whether grandparent visitation is in the best interests of the children.

## FACTS

[¶ 2.] Shawn and Connie were divorced on January 29, 2001, in Watertown, South Dakota. Because Shawn was incarcerated at the time of the divorce,[1] Connie was given legal and physical custody of the parties' children, Ashley (DOB 3/12/94) and Tyler (DOB 8/24/95). The terms of the divorce decree and custody agreement provided for visitation in Grandparents.[2] Connie required that Grandparents intervene as parties and agree to the terms of the custody agreement so that they would be subject to the contempt power of the trial court, if necessary.

[¶ 3.] In June 2001, Connie accepted a teaching position in Madison, South Dakota. She informed Grandparents that she would be moving in July and that they would need to come to Madison to exercise their visitation rights. In response, Grandparents petitioned the trial court for a modification of their visitation schedule. Connie asked the trial court to declare South Dakota's grandparent visitation statute, SDCL 25–4–52, unconstitutional under *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147. L.Ed.2d 49 (2000), and terminate Grandparents' visitation with the children.

[¶ 4.] Following a hearing on July 18, 2001, the trial court modified Grandparents' visitation schedule to provide for visitation with the children in Madison. The trial court did not rule initially on the constitutionality of SDCL 25–4–52 and ordered the parties to submit briefs on the issue. On September 17, 2001, the trial court issued a memorandum decision declaring SDCL 25–4–52 unconstitutional and the divorce decree and custody agreement illegal and unenforceable, thereby terminating Grandparents' visitation.

[¶ 5.] After the trial court rendered its decision, the attorneys for the parties learned that the constitutionality had been determined without reference to the 2001 legislative amendment of SDCL 25–4–52.[3]

---

1. Shawn was convicted of two counts of sexual contact with a minor child, not his child, on January 8, 1999, and sentenced to seven years in the state penitentiary. He was released on parole January 12, 2000, but his parole was revoked following an altercation with his wife, which resulted in a simple assault charge. He is now serving the remainder of his sentence. Connie filed for divorce thereafter.

2. Grandparents wanted to take the children to see Shawn in the penitentiary. Connie did not think it was in the children's best interests to visit the penitentiary. Instead of visitation with Shawn, Grandparents received visitation with the children every Wednesday night and Shawn's visitation with the children was limited to telephone and mail.

3. The original version of SDCL 25–4–52 provided:

   The circuit court may grant grandparents reasonable rights of visitation with their grandchild, with or without petition by the grandparents, if it is in the best interests of the grandchild.

The trial court reviewed the amended version of the statute and stated that the amendment did not cure the constitutional defect because the new version created a presumption against the parent, which the trial court stated was prohibited by *Troxel.*

[¶ 6.] Grandparents appeal, arguing that: 1) SDCL 25–4–52 is not unconstitutional, and 2) alternatively, even if it is, it is not determinative of the issue of Grandparents' visitation rights because those rights arose by agreement and were approved by the court in the divorce decree.

## STANDARD OF REVIEW

[¶ 7.] "Our review of a challenge to the constitutionality of a statute is de novo." *Burlington N. Railroad Co. v. Green,* 2001 SD 48, ¶ 6, 624 N.W.2d 826, 829 (citing *Green v. Siegel, Barnett & Schutz,* 1996 SD 146, ¶ 7, 557 N.W.2d 396, 398) (citation omitted).

■ [¶ 8.] Modifications of visitation rights are reviewed under the abuse of discretion standard and the trial court's ruling will be reversed only on a clear showing of an abuse. *Olson v. Olson,* 438 N.W.2d 544, 546 (S.D.1989) (citing *Mayer v. Mayer,* 397 N.W.2d 638 (S.D.1986);

As amended, the statute provides:
  The circuit court may grant grandparents reasonable rights of visitation with their grandchild, with or without petition by the grandparents, if the visitation is in the best interests of the grandchild and either the visitation would not significantly interfere with the parent-child relationship or the parent or custodian of the grandchild has denied or prevented a grandparent reasonable opportunity to visit the grandchild. There is a presumption that visitation with the grandparents is in the best interests of the grandchild if a parent of that grandchild, who is also the child of that grandparent, has died.

4. Tommie Granville and Brad Troxel never married but had two daughters. *Troxel,* 530 U.S. at 61, 120 S.Ct. at 2057, 147 L.Ed.2d 49.

*Flint v. Flint,* 334 N.W.2d 680 (S.D.1983); *Kolb v. Kolb,* 324 N.W.2d 279 (S.D.1982)).

[¶ 9.] **1. WHETHER THE TRIAL COURT ERRED IN DECLARING SDCL 25–4–52 UNCONSTITUTIONAL.**

[¶ 10.] The trial court determined:

SDCL 25–4–52 is unconstitutional as it infringes upon the fundamental right of a custodial parent to determine whether visitation with a grandparent would be in his/her child's best interest. The provision in the parties' agreement regarding grandparent visitation was placed there after the [United States] Supreme Court had struck down a grandparent visitation statute. This provision was clearly contrary to a "policy of express law," [SDCL 53–9–1] and is thus unlawful.

In reaching this conclusion, the trial court relied heavily on the *Troxel* case. 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49. In *Troxel,* the United States Supreme Court declared a Washington visitation statute, Wash.Rev.Code § 26.10.160(3), unconstitutional.[4] *Id.* at 73, 120 S.Ct. at 2064, 147

Troxel lived with his parents and regularly brought his daughters to his parents' home. *Id.* Two years after the end of their relationship, Troxel committed suicide. *Id.* Granville initially allowed Troxel's parents to see the children, but then told them that she wished to limit their visitation to one monthly visit. *Id.* In 1993, the Troxels filed a petition to obtain visitation rights with their grandchildren. *Id.* The trial court granted the Troxels' petition, ruling that it was in the children's best interests to have visitation with their grandparents. *Id.* at 61, 120 S.Ct. at 2058, 147 L.Ed.2d 49. Granville appealed and the Washington Court of Appeals reversed the lower court and dismissed the Troxels' petition. *Id.* The Washington Supreme Court affirmed the court of appeals' decision and determined that the Washington statute under which visitation was granted was unconstitu-

L.Ed.2d 49. The Washington statute provided: "Any person may petition the court for visitation rights at any time including, but not limited to, custody proceedings. The court may order visitation rights for any person when visitation may serve the best interest of the child whether or not there has been any change in circumstances."

[¶ 11.] The United States Supreme Court determined that the statute was "breathtakingly broad" and "unconstitutionally infringe[d] on [the] . . . fundamental right of parents to make decisions concerning the care, custody, and control of their children." *Id.* at 66, 120 S.Ct. at 2060–61, 147 L.Ed.2d 49. This statute would permit "any third party seeking visitation to subject any decision by a parent concerning visitation of the parent's children to state-court review." *Id.* at 67, 120 S.Ct. at 2061, 147 L.Ed.2d 49. In effect, the statute allowed the trial court to place the burden on the custodial parent of "*disproving* that visitation would be in the best interest of [the children]" and "contravened the traditional presumption that a fit parent will act in the best interest of the children." *Id.* at 69, 120 S.Ct. at 2062, 147 L.Ed.2d 49.

■ [¶ 12.] SDCL 25–4–52 is not unconstitutional under *Troxel.* Mother has failed to overcome the strong presumption in favor of constitutionality. This Court has stated:

> There is a *strong presumption that the laws enacted by the [L]egislature are constitutional* and the presumption is rebutted only when it clearly, palpably and plainly appears that the statute violates a provision of the constitution. Further, the party challenging the constitutionality of a statute bears the burden of proving beyond a reasonable

tional. *Id.* at 63, 120 S.Ct. at 2058, 147

doubt that the statute violates a state or federal constitutional provision.

*State v. Hauge,* 1996 SD 48, ¶ 4, 547 N.W.2d 173, 175 (quoting *Sedlacek v. Teener Baseball Program,* 437 N.W.2d 866, 868 (S.D.1989)) (additional citations omitted) (emphasis added).

[¶ 13.] SDCL 25–4–52 provides for grandparent visitation "if the visitation is in the best interests of the grandchild and either the visitation would not significantly interfere with the parent-child relationship or the parent or custodian of the grandchild has denied or prevented a grandparent reasonable opportunity to visit the grandchild." Unlike the Washington statute in *Troxel,* SDCL 25–4–52 is not overbroad. In fact, the statute takes effect if, and only if, "the visitation is in the best interests of the grandchild and either the visitation would not significantly interfere with the parent-child relationship or the parent or custodian of the grandchild has denied or prevented a grandparent reasonable opportunity to visit the grandchild." It does not allow *any* individual to petition for visitation nor does it deprive the custodial parent of the fundamental right to make decisions concerning the care, custody, and control of the children. This statute is limited to grandparents and does not unreasonably deprive the custodial parent of the fundamental right to make decisions concerning the care, custody, and control of the children. The statute properly places the burden of proof upon the grandparents.

■ [¶ 14.] The last sentence of SDCL 25–4–52, which creates a presumption in favor of the grandparents, is unconstitutional under *Troxel,* but does not apply here and is clearly severable. *See SD Educ. Assoc./NEA v. Barnett,* 1998 SD 84, ¶ 33, 582 N.W.2d 386, 394 (holding that

L.Ed.2d 49.

partial invalidity of general appropriation bill did not render it invalid in its entirety); *Simpson v. Tobin*, 367 N.W.2d 757, 768 (S.D.1985) (holding that the rule generally applicable to all legislative acts is that severability should occur "if [the remainder] can stand by [itself] and if it appears that the [L]egislature would have intended the remainder to take effect without the invalidated section"). The last sentence of this statute improperly provides that "[t]here is a *presumption* that visitation with the grandparents is in the best interests of the grandchild if a parent of that grandchild, who is also the child of that grandparent, has died." (emphasis added). This portion of the statute, however, is inapplicable to the facts of this case because Shawn is in prison and not dead.

[¶ 15.] Therefore, there is no showing that SDCL 25–4–52 is unconstitutional under these circumstances and we reverse the decision of the trial court.

[¶ 16.] **2. WHETHER THE TRIAL COURT ERRED IN DENYING GRANDPARENTS VISITATION AS A MATTER OF LAW WITHOUT CONSIDERING THE BEST INTERESTS OF THE CHILDREN.**

[¶ 17.] Grandparents argue that the trial court erred in failing to consider the best interests of the children. Because the trial court declared SDCL 25–4–52 unconstitutional, it terminated Grandparents' visitation rights without considering the best interests of the children. It entered no findings of fact or conclusions of law when it summarily terminated Grandparents' visitation.

[¶ 18.] It was error for the trial court to terminate Grandparents' rights without making a determination of the best interests of the children. Even if SDCL 25–4–52 were unconstitutional, that would not necessarily determine Grandparents' visitation rights because those rights arose by agreement. SDCL 53–9–1 provides: "A contract provision contrary to an express provision of law or to the policy of express law, though not expressly prohibited or otherwise contrary to good morals, is unlawful." The provision providing for visitation rights in the divorce and custody agreement is "not expressly prohibited" or "contrary to an express provision of law." Unless the agreement itself is clearly against public policy, it is not rendered unenforceable because of the unconstitutionality of a statute. *See Commercial Trust and Sav. Bank v. Christensen*, 535 N.W.2d 853, 858 (S.D.1995) (holding that relief is not generally granted under agreements that are unenforceable as against public policy); *McKellips v. Mackintosh*, 475 N.W.2d 926, 929 (S.D. 1991) (holding that because "contract is void as against public policy it is unlawful and therefore, unenforceable" under SDCL 53–9–1). Here, grandparent visitation is "not expressly prohibited" or "contrary to an express provision of law" and is not against public policy.

[¶ 19.] Furthermore, in their written argument to the trial court, Grandparents requested that the trial court consider the applicability of SDCL 25–4–45, which provides in part:

In an action for divorce, the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same.

This statute allows the trial court to consider the best interests of the children either before of after rendering its judgment. Because the trial court failed to make any determination of the best interests of the children, it erred in terminating Grandparents' visitation rights.

[¶ 20.] We conclude that there is no showing that SDCL 25-4-52 is unconstitutional under these circumstances and we reverse the trial court's termination of visitation rights of the Grandparents and remand to determine whether grandparent visitation is in the best interests of these children.

[¶ 21.] GILBERTSON, Chief Justice, and AMUNDSON and KONENKAMP, Justices, concur.

[¶ 22.] ZINTER, Justice, concurs with a writing.

ZINTER, Justice (concurring).

[¶ 23.] I concur and write to add two additional points.

[¶ 24.] First, the record reflects that the trial court fully intended to conduct a "best interests" hearing on the grandparents' claim for visitation. In fact, the trial court appointed an expert to evaluate the visitation. The trial court also scheduled a hearing to "fully address the visitation rights of the grandparent's . . . ." However, before the scheduled hearing, both parties submitted briefs requesting the trial court to determine the law prior to proceeding with the "best interests" hearing. The trial court complied with that request and concluded that the statute and agreement[5] did not, as a matter of law, afford grandparent visitation rights. Consequently, as the case stood before the trial court, there was no need to enter findings of fact after conducting a "best interests" hearing. The trial court certainly did not "summarily" terminate the grandparents' rights without making the factual findings required by the case before it.[6]

[¶ 25.] Second, in performing the "best interests" analysis on remand, the trial court should consider an additional factor. *Troxel* not only places the burden of proof on the non-parent, but it also requires deference to a fit parent's decision. This means that some special weight must be given to the parent's own determination. As the United States Supreme Court noted:

> In an ideal world, parents might always seek to cultivate the bonds between grandparents and their grandchildren. Needless to say, however, our world is far from perfect, and in it the decision whether such an intergenerational relationship would be beneficial in any specific case is for the parent to make in the first instance. And, if a fit parent's decision of the kind at issue here become subject to judicial review, the court must accord at least some special weight to the parent's own determination.

*Troxel*, 530 U.S. at 70, 120 S.Ct. at 2062, 147 L.Ed.2d at 49.

---

**5.** The agreement here was not contrary to the public policy of *Troxel* because the Due Process Clause only prohibits "government interference" with the liberty interests of parents to the care, custody and control of their children. *Troxel,* 530 U.S. at 65, 120 S.Ct. at 2059–60, 147 L.Ed.2d 49. Thus, it is the government that is restrained from certain types of interference with parental decision making: parents remain free and unrestrained to make private consensual agreements for grandparent visitation. The trial court did not reach the issue of the enforceability of the agreement apart from *Troxel.* Consequently, we have not considered that issue on appeal.

**6.** Even in their briefs in this appeal, Grandparents continue to argue "that all issues to be decided herein are legal in nature rather than factual . . . ."